UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Applicant,

v.                                        Case No. 24-mc-50408
                                          Honorable Linda V. Parker

DO & CO DETROIT, INC. d/b/a
DO & CO,

        Respondent.
_____/

## OPINION AND ORDER GRANTING APPLICATION FOR AN ORDER TO SHOW CAUSE WHY AN ADMINISTRATIVE SUBPOENA SHOULD NOT BE ENFORCED

This matter is presently before the Court on an application filed by the Equal Employment Opportunity Commission ("EEOC") for an order to show cause as to why an administrative subpoena issued to Respondent DO & CO Detroit, Inc., doing business as DO & CO, should not be Enforced.  (ECF No. 1.)

### Background

In August 2022, Brandi Hines filed an EEOC charge of race discrimination against DO & CO.  (ECF No. 1 at PageID. 11; ECF No. 1-3.)  Ms. Hines, who is African American, worked for DO & CO from April 29, 2021 through March 25, 2022.  (ECF No. 1-3.)  Ms. Hines was last employed as a human resources generalist and claimed DO & CO did not compensate African American and

Caucasian employees equally and terminated African American employees who failed mandatory drug tests but not Caucasian employees. (*Id.*) In conjunction with its investigation of Ms. Hines' charge, the EEOC issued Subpoena DT-24-01 ("Subpoena") to DO & CO, which had a due date of October 22, 2023. (ECF No. 1-4.)

DO & CO, through counsel, filed a petition to revoke or modify the Subpoena, objecting to certain parts of the Subpoena. (ECF No. 1-2 at PageID. 29, ¶ 4d; ECF No. 1-5.) On January 31, 2024, the EEOC denied DO & CO's petition to modify or revoke the subpoena. (ECF No. 1-2 at PageID. 29 ¶ 4e, ECF No. 1-6.) This decision was emailed to DO & CO's counsel of record the following day. (ECF No. 1-2 at PageID. 29, ¶ 4g; ECF No. 1-7.) When no response to the Subpoena was received by the subsequent deadlines, the EEOC emailed DO & CO's counsel and offered to provide additional time to respond. (*Id*. ¶¶ 4h, 4i; ECF No. 1-8; ECF No. 1-9.) No response was received. (ECF No. 1-2 at PageID. 29, ¶¶ 4h, 4i.) The failure of DO & CO to respond to the Subpoena has hampered the EEOC's investigation. (ECF No. 1-2 at PageID. 29, ¶ 6.)

The EEOC therefore filed the present application. (ECF No. 1.)

## Applicable Law

Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating against employees based on *inter alia* race. 42 U.S.C. § 2000e-2(a).

When an individual files a charge of discrimination with the EEOC, Title VII "obligates the Commission to investigate [the charge] to determine whether there is 'reasonable cause to believe that the charge is true.'" *Univ. of Penn. v. EEOC*, 493 U.S. 182, 190 (1990) (quoting 42 U.S.C. § 2000e-5(b)). Title VII confers the EEOC with "a broad right of access to relevant evidence" as part of its investigative duties and powers. *Id.* at 191; *see also* 42 U.S.C. § 2000e-8(a).

This authority includes the power to issue subpoenas for documents and information. *See* 42 U.S.C. § 2000e-9 (citing 29 U.S.C. § 161); *see also* 29 C.F.R. § 1601.16. An employer may petition the EEOC to revoke or modify a subpoena. *See* 29 C.F.R. § 1601.16(b)(1). "[I]f the EEOC rejects the petition and the employer still 'refuses to obey the subpoena,' the EEOC may ask a district court to issue an order enforcing it[.]" *McLane Co. v. EEOC*, 581 U.S. 72, 76 (2017) (quoting 29 U.S.C. § 161(2)) (brackets omitted).

"A subpoena enforcement proceeding is a summary process designed to decide expeditiously whether a subpoena should be enforced." *EEOC v. United Parcel Serv., Inc.*, 859 F.3d 375, 378 (6th Cir. 2017) (quotation omitted). In reviewing a subpoena enforcement application, a court's "limited role" is to "satisfy itself that the charge is valid and that the material requested is relevant to the charge." *EEOC v. Ferrellgas, L.P.*, 97 F.4th 338, 344 (6th Cir. 2024) (quoting *Univ. of Pa.*, 493 U.S. at 191) (additional quotation marks omitted). "If so, the

3

court 'should enforce the subpoena unless the employer establishes that the subpoena is too indefinite, has been issued for an illegitimate purpose, or is unduly burdensome.'" *Id*. (quoting *McLane*, 581 U.S. at 77) (additional quotation marks and citation omitted).

## Analysis

First, the charge is "valid." Notably, in making this determination, the Court's role is not to decide whether the charge "is 'well founded' or 'verifiable.'" *Id.* (quoting *Univ. of Pa.*, 493 U.S. at 191). The EEOC charge was received from Ms. Hines, who alleged that DO & CO discriminated against her and other employees based on race. The EEOC was authorized to investigate the charge. And, as part of its investigation, the EEOC was authorized to subpoena evidence to DO & CO in furtherance of its investigation of Ms. Hines' charge.

Second, the material requested in the Subpoena is relevant to the charge. "[C]ourts have generously construed the term 'relevant' and have afforded the Commission access to virtually any material that might cast light on the allegations against the employer." *Id*. at 348 (quoting *United Parcel Serv.*, 859 F.3d at 378). Moreover, the EEOC is not limited to investigating "the specific charge[] at hand" but may seek "evidence concerning patterns of . . . discrimination 'in job classifications or hiring situations other than those that the EEOC's charge specifically targeted[.]'" *Id*. at 348-49 (quoting *EEOC v. Roadway Exp., Inc.*, 261

4

F.3d 634, 639 (6th Cir. 2001)). The EEOC need not present a "specific reason for disclosure" of the requested information. *Univ. of Pa.*, 493 U.S. at 194.

Lastly, DO & CO's objections to the Subpoena at the administrative level do not support a finding that it is too indefinite, has been issued for an illegitimate purpose, or is unduly burdensome. DO & CO argued that the Subpoena requested information that was (a) beyond the scope of Ms. Hines' charge in time and substance (as to Requests 10, 11, 12, 13 ); (b) did not exist in the format requested (as to Requests 1-16); and (c) that HIPAA and state health privacy laws precluded DO & CO from disclosing the drug test results of its employees (as to Requests 12, 13, 14, 15). (*See* ECF No. 1-5 at PageID. 49-53; ECF No. 1-6 at PageID. 73)

As to the first objection, the Subpoena requested information regarding individuals who applied for employment with DO & CO's Michigan commercial kitchen from January 1, 2019 to the present. The EEOC, however, is permitted to seek information for periods beyond that alleged in a charge, including after its filing. *See Roadway Exp.*, 261 F.3d at 642 (citing support for the EEOC seeking information regarding employment practices prior to the time of the charge—even three to four years earlier—as well as afterward); *see also EEOC v. Ford Motor Credit Co.*, 26 F.3d 44, 47 (6th Cir. 1994) (allowing the EEOC to seek information for three years and 300 days before the date of the charge). Further, the EEOC may seek "access to 'virtually any material which might cast light on the

5

allegations against the employer.'" *Roadway Exp.*, 261 F.3d at 642 (quoting *EEOC v. Shell Oil Co.*, 581 U.S. 72, 76 (2017)). Notably, Ms. Hines does not allege discrimination restricted to herself but alleges a pattern of discrimination impacting other employees. *See Ferrellgas*, 97 F.4th at 348.

With respect to DO & CO's second objection, courts have held that the EEOC's subpoena power is not limited to documents already in existence and employers may be compelled to compile information in their control to respond to the subpoena. *EEOC v. Citicorp Diners Club, Inc.*, 985 F.2d 1036, 1039 (10th Cir. 1993); *EEOC v. Tempel Steel Co.*, 814 F.2d 482, 485 n. 9 (7th Cir. 1987); *EEOC v. Maryland Cup Corp.*, 785 F.2d 471, 478 (4th Cir. 1986).

Lastly, DO & CO's privacy objections do not provide a reason for rejecting the EEOC's application. The Supreme Court and lower courts have rejected confidentiality arguments as a defense to an administrative subpoena. *EEOC v. Associated Dry Goods Corp.*, 449 U.S. 590, 604 (1981) (holding that the defendant did not have "a categorical right to refuse to comply with the EEOC subpoena unless the Commission assured it that the information supplied would be held in absolute secrecy," but noting each charging party could only see information in his or her own file); *Univ. of Pa. v. EEOC*, 493 U.S. 182, 192 (1990) (concluding that confidentiality of academic peer review materials did not justify noncompliance with an administrative subpoena); *EEOC v. Bay Shipbuilding Corp.*, 668 F.2d 304,

312 (7th Cir. 1981) ("confidentiality is no excuse for noncompliance"); *EEOC v. Univ. of N.M.*, 504 F.2d 1296, 1303 (10th Cir. 1974) (requiring compliance even where personnel files and records were "both confidential and extremely sensitive"). The law governing EEOC investigations addresses concerns regarding confidentiality by imposing criminal penalties against the EEOC and its officers and employees if any information obtained pursuant to the EEOC's investigatory powers is disclosed. 42 U.S.C. § 2000e-8(e).

In summary, the EEOC's application is valid and the material sought is relevant.

Accordingly,

**IT IS ORDERED** that the EEOC's application for an order to show cause as to why the Subpoena should not be enforced is **GRANTED**;

**IT IS FURTHER ORDERED** that DO & CO. must **SHOW CAUSE** within fourteen (14) days of this Opinion and Order as to why the Subpoena should not be enforced.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: May 3, 2024